IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

## BERNARD HENRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-05634      W. Fred Axley, Judge**

---

**No. W2007-00679-CCA-R3-PC  - Filed July 25, 2008**

---

The Petitioner, Bernard Henry, appeals from the Shelby County Criminal Court's order dismissing his petition for post-conviction relief.  He argues that the dismissal was erroneous because he did not receive the effective assistance of trial counsel and because the post-conviction court improperly prevented him from presenting evidence that his appellate counsel was ineffective.  After a review of the record, we conclude that the post-conviction court erred in denying the Petitioner an opportunity to be heard on his claim of ineffective assistance of appellate counsel.  Accordingly, the case is remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and DAVID G. HAYES, SR. J., joined.

Jason Poyner, Memphis, Tennessee, for the appellant, Bernard Henry.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

A Shelby County jury convicted the Petitioner of two counts of aggravated child abuse and neglect, a Class A felony.  See Tenn. Code Ann. § 39-15-402.  The trial court sentenced him to concurrent sentences of twenty-five years as a violent offender.  On direct appeal, this Court affirmed his convictions but modified the length of his sentences to twenty years.  See State v. Bernard J. Henry, No. W2003-03045-CCA-R3-CD, 2004 WL 2848382 (Tenn. Crim. App., Jackson, Dec. 9, 2004), perm. to appeal denied, (Tenn. Mar. 28, 2005).

On May 20, 2005, the Petitioner, pro se, filed a petition for post-conviction relief, which was amended following the appointment of counsel. The Petitioner sought relief on the basis that trial and appellate counsel rendered ineffective assistance.

A hearing was held on the petition on October 5, 2006, at which the Petitioner and trial counsel testified. The Petitioner then attempted to call appellate counsel as a witness. The State objected, and the following colloquy occurred:

> [POST-CONVICTION COUNSEL]: Essentially, that's our proof as far as the, [trial counsel] goes. Now, he is represented on appeal by Mr. Brayton. And, that was the other issue that I was talking [sic].
>
> [THE STATE]: Judge, do I have, does [p]ost[-c]onviction cover appellate counsel?
>
> THE COURT: No.
>
> [THE STATE]: I didn't think so. So, I would object to any further proof along that line.
>
> [POST-CONVICTION COUNSEL]: All right. I get a rule [sic] on it today?
>
> THE COURT: No, but you can raise that issue on appeal, if there is a need for appeal, that you were prevented in calling the appellate lawyer. You may make new law. I'm serious.

The post-conviction court then denied relief by written order on February 23, 2007, concluding that the Petitioner did not prove that he received the ineffective assistance of counsel. This appeal followed.

**ANALYSIS**

The Petitioner now appeals to this Court, arguing that (1) the trial counsel's performance was constitutionally inadequate and (2) the post-conviction court erred in preventing him from offering proof of appellate counsel's ineffectiveness. The State concedes error regarding denial of the Petitioner's right to be heard on claims of ineffective assistance of appellate counsel, and we agree.

In Carpenter v. State, 126 S.W.3d 879 (Tenn. 2004), our supreme court held that the same test that applied to claims of ineffective assistance of trial counsel under the federal constitution, also applied to determine whether appellate counsel was constitutionally effective: "To determine whether appellate counsel was constitutionally effective, we use the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984)—the same test that is applied to claims of ineffective assistance of trial counsel asserted under the Sixth Amendment to the United States Constitution." Carpenter, 126 S.W.3d at 886; see also Smith v. Murray, 477 U.S. 527, 535-36 (1986) (applying Strickland to a claim of attorney error on appeal).

Although the issue of trial counsel's performance has been determined by the post-conviction court, the Petitioner properly raised the claim of ineffective assistance of appellate counsel in his petition and is entitled to have it considered by and determined by the post-conviction court. See Laraiel Winton v. State, No. E2006-02392-CCA-R3-PC, 2007 WL 2438112, at *1(Tenn. Crim. App., Knoxville, Aug. 29, 2007). Considerations of judicial economy and the avoiding of piecemeal appeals mandate that we remand this case to the post-conviction court. The Petitioner has had no opportunity to raise the issue of ineffective assistance of appellate counsel, and he is entitled to present proof on the merits of this claim. After the post-conviction court considers and rules on the merits of the Petitioner's claim of ineffective assistance of appellate counsel, appellate review of the post-conviction court's rulings on the ineffective assistance of trial and appellate counsel may proceed anew in accordance with the Tennessee Rules of Appellate Procedure.

## CONCLUSION

Based upon the foregoing rationale, the order of the post-conviction court dismissing the petition is vacated. The case is remanded for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE